JOURNAL ENTRY and OPINION
This case is before the court on appeal from a purportedly final judgment for defendant-appellee S.E. Johnson Companies, Inc. following a jury trial. Appellant's sole assignment of error contends that the trial court erred by granting Johnson's motion for a directed verdict as to plaintiff-appellant's claim for unjust enrichment.
On March 2, 2001, this court entered an order directing the trial court to supplement the record with a signed and journalized entry documenting its oral ruling directing the verdict for Johnson on the unjust enrichment claim. The trial court has not complied with this order to date, although it was directed to return the corrected record to this court within thirty days.
A court of record speaks only through its journal, not by oral pronouncements. Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus. Under Civ.R. 58(A), [a] judgment is effective only when entered by the clerk upon the journal. Here, there is no entry granting judgment on appellant's claim for unjust enrichment. As this is the only purportedly final order challenged by appellant's assignments of error,[1]
we must dismiss this appeal for lack of a final order. See Production Credit Association v. Dryak (June 13, 1988), Highland App. No. 633, unreported.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ KENNETH A. ROCCO, J.
DIANE KARPINSKI, A.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] The trial court made no determination that there was no just reason for delay in entering final judgment on the jury's verdict. Hence, its entry on the jury's verdict also was not final and appealable pursuant to Civ.R. 54(B).